

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| DANNY HAWK, | : | PRISONER CIVIL RIGHTS |
| Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:09-CV-2968-TCB |
| T. PEARSON; DEKALB | : | |
| COUNTY, GEORGIA, | : | |
| Defendants. | : | |

## ORDER AND OPINION

Plaintiff has filed the instant civil rights action pursuant to 42 U.S.C. § 1983. The matter is now before the Court for a 28 U.S.C. § 1915(e)(2) frivolity screening.

I.    28 U.S.C. § 1915(e)(2) Frivolity Review

Pursuant to 28 U.S.C. § 1915(e)(2), a federal court shall dismiss a case at any time if the court determines that the action is "frivolous" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as

true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (citations omitted).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. <u>See</u> <u>Hale v. Tallapoosa County</u>, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. <u>See</u> <u>Chappell v. Rich</u>, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation).

2

II.   Plaintiff's Claims

Plaintiff has named as Defendants Officer Pearson with the DeKalb County Police Department, and DeKalb County.  Plaintiff complains that Officer Pearson unlawfully stopped Plaintiff for a taillight violation on the morning of August 25, 2007.  Plaintiff further complains that prior to the traffic stop Officer Pearson followed him for four blocks, and that he first gave Plaintiff a warning.  Upon finding out that Plaintiff had called 911 to report the "harassment and illegal stopped [sic]," however, Officer Pearson "snatch[ed] his driver's license and warning ticket out of Plaintiff's hand, hitting and striking Plaintiff" so as to constitute simple battery.  According to Plaintiff, Officer Pearson then falsely cited him for a taillight violation.  Finally, Plaintiff complains that he has been "harassed" by several DeKalb County police officers.  Plaintiff seeks monetary damages.

III.  Analysis of Plaintiff's Claims

A.    Illegal Search and Seizure, False Arrest, and False Imprisonment

Federal courts apply their forum state's statute of limitations for actions brought pursuant to § 1983.  See Kelly v. Serna, 87 F.3d 1235, 1238 (11th Cir. 1996); Blanck v. McKeen, 707 F.2d 817, 819 (4th Cir. 1983).  The Georgia two-

3

year statute of limitations, therefore, applies to this action. See Reynolds v. Murray, 170 F. App'x 49, 50-51 (11th Cir. 2006); Williams v. City of Atlanta, 794 F.2d 624 (11th Cir. 1986).

The statute of limitations for a § 1983 action begins to run from the date "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Brown v. Georgia Bd. of Pardons and Paroles, 335 F.3d 1259, 1261 (11th Cir. 2003) (citations omitted). "It is well established that a federal claim accrues when the prospective plaintiff knows or has reason to know of the injury which is the basis of the action." Mcnair v. Allen, 515 F.3d 1168, 1174 (11th Cir. 2008) (citations omitted). A claim of false arrest and false imprisonment accrues when the plaintiff is released from the alleged false imprisonment. See Brown v. Lewis, 361 F. App'x 51, 55 (11th Cir. 2010) ("A claim for false arrest and false imprisonment must be brought within two years of the defendant's release from imprisonment.").

Plaintiff was stopped by Officer Pearson on August 25, 2007, and after receiving an allegedly false citation, Plaintiff was released. Moreover, Plaintiff was aware of the facts about which he complains at the moment he was stopped,

4

as evident from his 911 call to report "harassment and illegal stopped [sic]."

Thus, Plaintiff's claims for false arrest, false imprisonment, and illegal search and

seizure accrued on August 25, 2007.[1]  Because Plaintiff did not file his complaint

until October 19, 2009, more than two years later, these claims are time-barred.

In the context of an in forma pauperis frivolity determination pursuant to 28

U.S.C. § 1915, "[t]he expiration of the statute of limitations is an affirmative

defense the existence of which warrants a dismissal as frivolous." McKenzie v.

United States Dep't of Justice, Drug Enforcement Agency, 143 F. App'x 165, 167-

68 (11th Cir. 2005) (citations omitted).  This Court is authorized to dismiss a

prisoner's complaint as time-barred prior to service if it appears "beyond a doubt

from the complaint itself that [the prisoner] can prove no set of facts which would

avoid a statute of limitations bar." Id. at 168 (citations omitted).  Because it

appears beyond a doubt from Plaintiff's complaint that he can prove no set of facts

which would avoid a statute of limitations bar, his false arrest, false imprisonment,

and illegal search and seizure claims are dismissed under § 1983.

---

[1] Moreover, if, as he claims, the citation was false, he was aware of that fact at the moment he received the citation.

5

B.    Harassment Against DeKalb County

Plaintiff's claim against DeKalb County essentially alleges that prior to being stopped by Officer Pearson, Plaintiff has been harassed by the DeKalb County Police Department. This claim, however, is not cognizable under § 1983. First, a plaintiff seeking to hold a city or municipality liable "must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004). Other than his conclusory assertion that the DeKalb County Police Department has victimized Plaintiff by harassment and his self-serving statements of "unconstitutional conduct" by various DeKalb police officers, he has not demonstrated a custom or policy by DeKalb County that constitutes deliberate indifference to his Fourth Amendment rights.

Moreover, as with Plaintiff's claims against Officer Pearson, all of the alleged incidents of harassment occurred more than two years before Plaintiff filed his complaint on October 19, 2009. Accordingly, Plaintiff's claim of harassment against DeKalb County is **DISMISSED**.

6

C.   Simple Battery

Finally, this Court shall exercise supplemental jurisdiction over Plaintiff's state law claim of simple battery against Officer Pearson.   A federal court's exercise of supplemental jurisdiction over state law claims is discretionary.  See United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).  This claim is also barred by the statute of limitations.  See O.C.G.A. § 9-3-33 (providing a two-year statute of limitations for personal injury claims).  Accordingly, this Court exercises supplemental jurisdiction over Plaintiff's simple battery claim and finds that it should be dismissed.

IV.   Conclusion

In light of the foregoing analysis, the instant complaint is **DISMISSED AS FRIVOLOUS** pursuant to 28 U.S.C. § 1915(e)(2).

**IT IS SO ORDERED** this 15th day of September, 2010.

TIMOTHY C. BATTEN, SR.
UNITED STATES DISTRICT JUDGE

7