

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| DANNY HAWK, | : | PRISONER CIVIL RIGHTS |
| Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:09-CV-2968-TCB |
| T. PEARSON; DEKALB | : | |
| COUNTY, GEORGIA, | : | |
| Defendants. | : | |

## ORDER AND OPINION

The matter is presently before the Court on Plaintiff's motion for leave to file an amended complaint [Doc. 8] and Plaintiff's motion for reconsideration/motion to alter and/or amend this Court's September 15, 2010 Order dismissing the instant complaint as time-barred. [Doc. 9].

I. <u>Motion for Leave to File Amended Complaint</u>

In Plaintiff's motion to amend the complaint, Plaintiff does not address the fact that this Court found his claims to be barred by the applicable Georgia statute of limitations. Instead, Plaintiff merely regurgitates legal conclusions and facts that appear to be copied from various complaints he has filed with this Court. As such, Plaintiff has not provided a basis by which this Court should allow him to

amend the complaint. Accordingly, Plaintiff's motion for leave to file an amended complaint [Doc. 8] is hereby **DENIED**.

II.    Motion for Reconsideration

Plaintiff also has filed a motion for reconsideration of this Court's September 15, 2010 Order dismissing his complaint as time-barred. Motions for reconsideration, however, are not to be filed as a matter of course. See L.R. 7.2E, N.D. Ga ("Motions for reconsideration shall not be filed as a matter of routine practice.").

> In fact, the term "motion for reconsideration", as such, does not appear in the Federal Rules of Civil Procedure. The title of Fed. R. Civ. P. 60(b), under which a so-called motion for reconsideration may be brought, further attests to its extraordinary nature ("Relief From Judgment or Order--Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.") is "'properly invoked where there are extraordinary circumstances, or where the judgment may work an extreme and undue hardship' . . . ." Mohammed v. Sullivan, 866 F.2d 258, 260 (8th Cir. 1989) (quoting Matarese v. LeFevre, 801 F.2d 98, 106 (2d Cir. 1986)). A motion for reconsideration is not an opportunity for the moving party and their counsel to instruct the court on how the court "could have done it better" the first time. Rather, the motion should be reserved for certain limited situations, namely the discovery of new evidence, an intervening development or change in the controlling law, or the need to correct a clear error or prevent a manifest injustice. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal 1986), aff'd. in part and rev'd. in part, 828 F.2d 514 (9th Cir. 1987).

2

Preserve Endangered Areas of Cobb's History, Inc. v. United States Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), aff'd, 87 F.3d 1242 (11th Cir. 1996).  Plaintiff cannot demonstrate the discovery of new evidence or an intervening development or change in the controlling law.  Additionally, contrary to Plaintiff's argument, he has not demonstrated the need to correct a clear error or prevent a manifest injustice.

Plaintiff first argues that his claims against Officer Pearson did not accrue until November 26, 2007, when the charges against him were dismissed.  As discussed in this Court's previous Order, and as conceded by Plaintiff, however, a cause of action accrues "when the prospective plaintiff knows or has reason to know of the injury which is the basis of the action."  McNair v. Allen, 515 F.3d 1168, 1174 (11th Cir. 2008) (citations omitted).  Plaintiff admittedly called 911 at the time he was stopped on August 27, 2007, to report "harassment and illegal stopped [sic]."  Moreover, Plaintiff was given a citation and was released at that time.  Thus, Plaintiff's false arrest, false imprisonment, and illegal search and seizure claims all accrued on August 27, 2007, and not November 26, 2007, as Plaintiff argues.  See, e.g., Brown v. Lewis, 361 F. App'x 51, 55 (11th Cir. 2010)

3

("A claim for false arrest and false imprisonment must be brought within two years of the defendant's release from imprisonment."), <u>cert. denied</u>, __ U.S. __, 130 S. Ct. 3521 (2010).[1]

Next, Plaintiff argues that he is "clearly" entitled to tolling of the limitation period based on the "continuing tort doctrine" because his injury was not immediately apparent.  In Georgia, however, the continuing tort theory is only applicable to cases involving personal injury.  <u>Corp. of Mercer Univ. v. Nat'l Gypsum Co.</u>, 368 S.E.2d 732, 733 (Ga. 1988); <u>Hendry v. Wells</u>, 650 S.E.2d 338, 343 n.2 (Ga. Ct. App. 2007).  Because this action does not involve bodily injury that developed over an extended period of time such that a discovery rule would apply, Plaintiff is not entitled to any such tolling of the statute of limitations.

Plaintiff also claims that he is entitled to tolling of the statute of limitations for the time period that he was waiting for DeKalb County's response to his

---

[1] Plaintiff also attempts to discuss state claims of malicious prosecution, fraud, defamation, intentional and negligent infliction of emotional distress, and breach of duty.  This Court has reviewed the pleadings in the case, however, and Plaintiff never raised any of these state law claims; moreover, the Court declined to exercise supplemental jurisdiction over Plaintiff's state law battery claim.  The Court notes that Plaintiff may have confused this case with the two other cases he filed in this Court in which he did raise those claims.  <u>See Hawk v. Heckencamp</u>, Civil Action No. 1:09-cv-322-TCB; <u>Hawk v. Redding</u>, Civil Action No. 1:05-cv-2595-TCB.

4

alleged ante litem notice. Although it is not entirely clear, it appears that Plaintiff misguidedly believes the document he entitled "Consolidated Motions and Demands for Reciprocal Discovery with Addendum" [Doc. 9, Exh. A] and filed in the DeKalb County Recorders Court constitutes the requisite ante litem notice to DeKalb County. That document, filed in the Court where his citation was pending, does not appear to comply with Georgia's ante-litem requirements. <u>See</u> O.C.G.A. § 50-21-26. As such, any such "notice" did not toll the limitation period.

Moreover, the Court does not find Plaintiff's claims of "mental and physical incapacity" to warrant equitable tolling, as any such incapacity did not prevent him from filing other lawsuits and pleadings in this Court involving claims against other Defendants and events during the time period he claims to have been so incapacitated. <u>See</u> <u>Hawk v. Heckencamp</u>, Civil Action No. 1:09-cv-322-TCB (filed January 5, 2009); <u>Hawk v. Redding</u>, Civil Action No. 1:05-cv-2595-TCB (filed October 7, 2005). <u>Compare</u> <u>Lawrence v. Florida</u>, 421 F.3d 1221, 1227 (11th Cir. 2005) (finding mental impairment did not justify equitably tolling the one-year federal habeas limitation period because the petitioner did not establish a

5

causal connection between the mental incapacity and his ability to file a timely petition), aff'd, 549 U.S. 327 (2007).

Finally, Plaintiff's claims of fraud also do not serve to toll the statute of limitations. According to Plaintiff, Defendants concealed discovery of facts from him because he did not receive: (1) his requested discovery of the 911 call transcript or (2) a response to any of the issues raised in his November 26, 2007, letter to Chief Bolton of the DeKalb County Police Department. As discussed previously herein, however, this is not a "discovery" type of case for statute of limitations purposes, and Plaintiff knew the facts that he claims were concealed from him as of August 27, 2007. The instant complaint, filed on October 23, 2009, is barred by the statute of limitations.

III.   Conclusion

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to amend the complaint [Doc. 8] and motion for reconsideration [Doc. 9] are **DENIED**. This Court notes that, pursuant to the local rules, "parties shall not file motions to reconsider the court's denial of a prior motion for reconsideration," L.R. 7.2E N.D. Ga. (emphasis added), and any further motions to reconsider shall be summarily denied.

6

**IT IS SO ORDERED** this 9th day of November, 2010.

TIMOTHY C. BATTEN, SR.
UNITED STATES DISTRICT JUDGE

7